UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff,<br>v.<br>SPYGLASS EQUITY SYSTEMS, INC., RICHARD L. CARTER, PRESTON L. SJOBLOM, TYSON D. ELLIOTT, FLATIRON CAPITAL PARTNERS, LLC, FLATIRON SYSTEMS, LLC, AND DAVID E. HOWARD II, Defendants. | CASE No: 2:11-cv-02371-JAK-MAN<br><br>**FINAL JUDGMENT AGAINST DAVID E. HOWARD II, FLATIRON SYSTEMS, LLC, AND FLATIRON CAPITAL PARTNERS, LLC** |

This matter comes before the Court on the Motion for Default Judgment against David E. Howard II, Flatiron Systems, LLC, and Flatiron Capital Partners, LLC. Howard, Flatiron Systems, and Flatiron Capital were each served with the Motion for Default Judgment but did not file any response. A hearing was held on the Motion for Default Judgment on April 2, 2012. No defendant appeared at that hearing. The Court has considered the papers filed in support of the motion, the Complaint, and the remainder of the file and hereby grants the Commission's motion for the reasons stated herein and at the April 2, 2012 hearing.

**FINDINGS**

Based upon the entry defaults against Howard, Flatiron Capital, and Flatiron Systems, the undisputed allegations of fact contained in the Complaint [Dckt. #1], and the Motion for Default Judgment and materials submitted in support thereof, the Court makes the following findings:

1. The SEC commenced this securities law enforcement action on March 21, 2011. [Dckt # 1]. Howard, Flatiron Systems, and Flatiron Capital were each served. [Dckt # 12, 13, 14, 34]. None of them have answered the Commission's complaint. The Clerk of the Court entered defaults against Howard, Flatiron Systems, and Flatiron Capital on July 7, 2011. [Dckt. # 38].

2. The Commission is requesting that the Court find that Howard, Flatiron Systems, and Flatiron Capital each violated Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, that Howard violated Sections 206(1), 206(2), 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") and Rule 206(4)-8 thereunder, and that Flatiron Capital and Flatiron Systems each violated Section 7(1) of the Investment Company Act of 1940 ("Investment

Company Act"); enter judgments that permanently enjoin Howard, Flatiron Systems, and Flatiron Capital from violating the securities laws set forth above; order each of them to disgorge ill-gotten gains, including prejudgment interest; and order Howard to pay a civil penalty. [Dckt # 1].

3. This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act, Section 27 of the Exchange Act, Section 214 of the Advisers Act, Section 44 of the Investment Company Act and 28 U.S.C. § 1331.

4. Venue lies in this Court pursuant to Securities Act Section 22(a) and Exchange Act Section 27.

5. The limited partnerships in Flatiron Capital and Flatiron Systems were securities within the meaning of federal the securities laws. *See SEC v. Edwards*, 540 U.S. 389, 393 (2004); *SEC v. W.J. Howey Co.,* 328 U.S. 293, 301 (1946); *SEC v. Rubera,* 350 F3d 1084, 1090,(9th Cir. 2003).

6. Defendant Howard was acting as an investment adviser as defined by Section 202(a)(11) of the Advisers Act.

7. Defendants Flatiron Capital and Flatiron Systems were acting as Investment Companies as defined in Section 3(a)(1) of the Investment Company Act.

8. The requested judgments do not differ in kind from, or exceed in amount, what is demanded in the complaint and, as explained below, are appropriate in light of the record in this case and the relevant law. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

9. By failing to answer or otherwise defend, Howard, Flatiron Systems, and Flatiron Capital have effectively admitted the allegations of the Commission's complaint against them. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977), *citing Pope v. U.S.*, 323 U.S. 1, 12 (1944). As a result, the Commission is entitled to default judgment against them. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

10. Accepting the factual allegations in the complaint as true, the record establishes that Howard, Flatiron Systems, and Flatiron Capital engaged in fraud in connection with the offer or sale of securities in violation of the antifraud sections of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder and that Howard committed fraud as an investment advisor in violation of Sections 206(1), 206(2) and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder.

11. From November, 2007 through January, 2009, Howard, using Flatiron Capital and Flatiron Systems engaged in a scheme to defraud hundreds of investors, resulting in investor losses of over $3 million.

12. In connection with the fraudulent scheme, Howard, Flatiron Capital, and Flatiron Systems made use of the means or instrumentalities of interstate commerce, of the mails, and/or of the means and instruments of transportation or communication in interstate commerce.

13. Howard acted with a high degree of scienter. He made affirmative representations to investors knowing that they were untrue. He also knew that others were making false representations as part of the fraudulent scheme.

14. Howard controlled Flatiron Capital and Flatiron Systems. As a result, Howard's fraudulent acts and his scienter, knowledge, or recklessness is imputed to Flatiron Capital and Flatiron Systems. *See SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1089 n.3 (2d Cir. 1972).

15. In addition, the record shows that Howard, Flatiron Capital, and Flatiron Systems engaged in the unregistered offer and sale of securities in violation of Sections 5(a) and 5(c) of the Securities Act.

16. The undisputed allegations also establish that Flatiron Capital and Flatiron Systems acted as unregistered investment companies in violation of Section 7(1) of the Investment Company Act of 1940.

17. The Commission is entitled to injunctive relief when it establishes (1) a violation of the federal securities laws has occurred, and (2) a reasonable likelihood of future violations. *SEC v. Fehn*, 97 F.3d 1276, 1295 (9th Cir. 1996), *cert. denied*, 552 U.S. 813 (1997); *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980).

18. Unless restrained and enjoined, defendants Flatiron Capital, Flatiron Systems, and Howard are likely to, in the future, violate Section 17(a) of the Securities Act.

19. Unless restrained and enjoined, defendants Flatiron Capital, Flatiron Systems, and Howard are likely to, in the future, violate Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

20. Unless restrained and enjoined, defendant Howard is likely to, in the future, violate Section 206 of the Advisers Act.

21. Unless restrained and enjoined, defendants Flatirons Capital and Flatiron Systems are likely to, in the future, violate Section 7(a) of the Exchange Act.

22. Unless restrained and enjoined, defendants Flatiron Capital, Flatiron Systems, and Howard will, in the future, violate Sections 5(a) and 5(c) of the Securities Act.

23. The courts have broad equitable powers to order the disgorgement of "ill-gotten gains" obtained through the violation of the securities laws. *SEC v. First Pac. Bancorp.,* 142 F.3d 1186, 1191 (9th Cir. 1998).

24. Where two or more individuals or entities collaborate or have a close relationship in engaging in the violations of the securities laws, they have been held jointly and severally liable for the disgorgement of the illegally obtained proceeds. *SEC v. First Pac. Bancorp*., 142 F.3d 1186, 1191 (9th Cir. 1998). Where, as here, the owner of any entity causes the entity to commit fraud, joint and several liability for disgorgement is appropriate. *See*, *e.g.*, *Hateley v. SEC*, 8 F.3d 653, 656 (9th Cir. 1993).

25. The decision whether to award prejudgment interest and at what rate is in the broad discretion of the district court. *First Jersey Securities, Inc.,* 101 F.3d 1450, 1476 (2d Cir. 1996). An award of prejudgment interest, like disgorgement, is intended to prevent the defendant from profiting from illegal conduct. *SEC v. Sargent,* 329 F.3d 34, 40 (1st Cir. 2003).

26. The Commission uses the IRS rate of interest on tax underpayments and refunds found in 26 U.S.C. § 6621(a)(2) to calculate prejudgment interest owed by defendants in enforcement actions. Courts often award the SEC prejudgment interest based on those rates. *See, e.g., First Jersey Securities, Inc.,* 101 F.3d at 1476; *SEC v. Parks,* 222 F.Supp.2d 1124, 1132 (C.D. Ill. 2002); *SEC v. Kenton Capital, Ltd.,* 69 F.Supp.2d 1, 16-17 (D.D.C.1998); *SEC v. Bilzerian*, 814 F. Supp. 116, 123-24 (D.D.C. 1993).

27. Between December 2007 and May 2008, Flatiron Capital received ill-gotten gains of $487,028. Prejudgment interest on that amount is $79,838.69. Those amounts total $566,866.69.

28. Between April 2008 and March 2009, Flatiron Systems received ill-gotten gains of $1,124,218.95. Pre-judgment interest on that amount is $127,192.86. Those amounts total $1,251,411.81.

29. The purposes of civil penalties are to punish the individual violator as well as deter future violations and thereby further the goals of “encouraging investor confidence, increasing the efficiency of financial markets, and promoting the stability of the securities industry.” *SEC v. Palmisano*, 135 F.3d 860, 866 (2d Cir. 1998); *SEC v. Kenton Capital, Ltd*., 69 F. Supp. 2d 1, 17 (D.D.C. 1998); *AmeriFirst*, 2008 U.S. Dist. LEXIS 36782

*21-22, citing *SEC v. Opulentica, LLC*, 479 F. Supp. 2d 319, 331 (S.D.N.Y. 2007).

30. Third-tier civil penalties are appropriate when the defendant's violation "involved fraud, deceit, manipulation or deliberate or reckless disregard of a regulatory requirement" and "such violations directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." *See* 15 U.S.C. §§ 77t(d)(2)(C); 78u(d)(3)(B)(iii); and 15 U.S.C. § 80b-9(e).

31. Third-tier penalties against defendants are appropriate.

**ORDER**

Therefore, it is hereby

1. **ORDERED** that the Motion for Default Judgment Against David Howard, Flatiron Capital Partners, LLC, and Flatiron Systems, LLC is **GRANTED**. Based on the foregoing findings of fact and conclusions of law, the Court enters the following permanent relief:

2. **IT IS ORDERED, ADJUDGED, AND DECREED** that David Howard, Flatiron Capital Partners, LLC, and Flatiron Systems, LLC and their agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Permanent Injunction by personal service or otherwise are permanently

restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

3. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that David Howard, Flatiron Capital Partners, LLC, and Flatiron Systems, LLC and their agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

4. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that David Howard, Flatiron Capital Partners, LLC, and Flatiron Systems, LLC and their agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or

communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

5. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that David Howard and his agents, servants, employees and attorneys, and those persons in active concert or participation with him who receive actual notice of this Permanent Injunction by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 206(1) or (2) of the Investment Advisers Act of 1940 [U.S.C. §§ 80b-6(1) and (2)] by, while acting as an investment adviser, directly or indirectly, by use of the means or instruments of interstate commerce or by use of the mails:

**(1)** employing any device, scheme, or artifice to defraud clients; or

**(2)** engaging in transactions, practices, or courses of business which operated as a fraud or deceit upon clients or prospective clients.

6. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that David Howard and his agents, servants, employees and attorneys, and those persons in active concert or participation with him who receive actual notice of this Permanent Injunction by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by, while acting as an investment adviser, directly or indirectly, by use of the means or instruments of interstate commerce or by use of the mails, engaging in acts, practices, or courses of business which are fraudulent, deceptive or manipulative.

7. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Flatiron Capital Partners, LLC, Flatiron Systems, LLC and their agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Permanent

Injunction by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 7(a) of the Investment Company Act of of 1940 [15 U.S.C. § 80a-7] by offering or selling securities as an investment company unless registered as provided by law.

8. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that David Howard and Flatiron Capital Partners, LLC are liable jointly and severally to pay disgorgement of $487,028 plus prejudgment interest of $79,838.69 on that disgorgement for a total of $566,866.69 and that David Howard and Flatiron Systems, LLC are liable jointly and severally to pay disgorgement of $1,124,218.95 plus prejudgment interest of $127,192.86 on that disgorgement for a total of $1,251,411.81. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying the payor as a defendant in this action; setting forth the title and civil action number of this action and the

name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Defendant relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

9. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that David Howard is liable to pay a third-tier civil penalty pursuant to Section 20(d)(2) of the Securities Act [15 U.S.C. §§ 77t(d)(2)(C)], Section 21(d)(3) of the Exchange Act [78u(d)(3)(B)(iii)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] in the amount of $390,000. Defendant shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying David Howard as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

10. The Court shall retain jurisdiction of this matter for purposes of enforcing the permanent injunction and final judgment.

11. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is ordered to enter the final judgment forthwith and without further notice.

Dated: April 5, 2012

JOHN A. KRONSTADT
United States District Judge