JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff,<br>v.<br><br>SPYGLASS EQUITY SYSTEMS, INC., RICHARD L. CARTER, PRESTON L. SJOBLOM, TYSON D. ELLIOTT, FLATIRON CAPITAL PARTNERS, LLC, FLATIRON SYSTEMS, LLC, AND DAVID E. HOWARD II, Defendants. | CASE No: 2:11-cv-02371-JAK-MAN<br><br>FINAL JUDGMENT |

The Securities and Exchange Commission having filed a Complaint and Defendants Spyglass Equity Systems, Inc. ("Spyglass"), Richard L. Carter, Preston L. Sjoblom, and Tyson D. Elliott having entered general appearances; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Spyglass, Carter, Sjoblom, Elliott, and their agents, servants,

employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Spyglass, Carter, Sjoblom, Elliott, and their agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the means or instruments of interstate commerce to induce or attempt to induce the purchase or sale of a security while not registered as or associated with a broker or dealer.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Spyglass, Carter, Sjoblom, Elliott, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 206(4) of the Investment Advisers Act ("Advisers Act") [15 U.S.C. § 80b-6(4)] or Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8] by knowingly providing substantial assistance to an investment adviser engaged in acts, practices, or courses of business which are fraudulent, deceptive or manipulative.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Spyglass is liable for disgorgement of $1,130,000

representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $134,799, for a total of $1,264,799. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Carter is liable for disgorgement of $139,260 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $16,612 for a total of $155,872. Based on Defendant's sworn representations in his Statement of Financial Condition dated January 17, 2012 and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of the disgorgement and pre-judgment interest thereon is waived.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Sjoblom is liable for disgorgement of $208,916 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $24,291, for a total of $233,207. Based on Defendant's sworn representations in his Statement of Financial Condition dated January 17, 2012 and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of the disgorgement and pre-judgment interest thereon is waived.

VII.

The determination not to impose a civil penalty upon Defendants Carter and Sjoblom and to waive payment of the disgorgement and pre-judgment interest for which they are liable is contingent upon the accuracy and completeness of Defendants' Statements of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendants' representations to the Commission concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole

discretion and without prior notice to the Defendant, petition the Court for an order requiring the Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by the Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering the Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. The Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Elliott is liable for disgorgement of $170,988 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $21,360, for a total of $192,348 and a civil penalty in the amount of $130,000 pursuant to 15 U.S.C. § 78u(d). The Commission may enforce the Court's judgment for disgorgement, prejudgment interest, and a civil penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense.

IX.

Defendants may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Defendant's name; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making any payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants' Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: July 27, 2012

JOHN A. KRONSTADT
United States District Judge